IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JORGE L. NIEBLA,
    Plaintiff,

vs.                                              Case No.: 3:08cv29/RV/EMT

OMBUDSMAN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon referral from the clerk.  Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1).  On January 23, 2008, this court entered an order giving Plaintiff thirty (30) days in which to pay the filing fee or submit a motion to proceed in forma pauperis (Doc. 3).  Plaintiff failed to respond to the order; therefore, on February 27, 2008, the court issued an order requiring Plaintiff to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 4).  The time for compliance with the show cause order has now elapsed, and Plaintiff has failed to file a motion to proceed in forma pauperis or pay the filing fee.[1]

        Accordingly, it is respectfully **RECOMMENDED**:

        1.        That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

        2.        That all pending motions be **DENIED as moot**.

---

[1] The court notes that on March 13, 2008, Plaintiff filed a motion stating that he is being transferred to another institution and requesting that this court direct the Department of Corrections to transfer him to an institution in south Florida, instead of north Florida, so that he may be near his mother (*see* Doc. 5); however, Plaintiff did not address the issue of the filing fee in his motion.

At Pensacola, Florida, this 20<u>th</u> day of March 2008.

<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**